**RECORD NO. 17-4615**

In The

# United States Court Of Appeals

## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

# JARMAL HARRID,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE**

_____

## BRIEF OF APPELLANT
_____

**Gregory Dolin**
  *Associate Professor of Law*

**Polina Katsnelson,**
  *Law Clerk*
**UNIVERSITY OF BALTIMORE
  SCHOOL OF LAW**
**1420 N. Charles Street**
**Baltimore, MD 21218**
**(410) 837-4610**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ................................................................. ii

I.    JURISDICTIONAL STATEMENT ............................................1

II.   STATEMENT OF THE ISSUES ................................................2

III.  STATEMENT OF THE CASE ....................................................3

IV.   SUMMARY OF ARGUMENT ....................................................9

V.    ARGUMENT................................................................................10

      A.    Standard of Review ........................................................10

      B.    Issues Identified by Counsel ..........................................10

            1.    Requirement that the Defendant Admit All Elements of the Offense ..................................................................... 10

            2.    Ineffective Assistance of Counsel & Voluntariness of the Plea...................................................................................11

            3.    Reasonableness of the Sentence Imposed ................................12

VI.   CONCLUSION............................................................................16

VII.  POSITION REGARDING ORAL ARGUMENT .........................17

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Anders v. California*,
    386 U.S. 738 (1967)...............................................................................9, 10

*Gall v. United States*,
    552 U.S. 38 (2007) ...................................................................................14

*McCoy v. Wisconsin*,
    486 U.S. 429 (1988) ..................................................................................9

*Penson v. Ohio*,
    488 U.S. 75 (1988) ....................................................................................9

*United States v. Bailey*,
    No. 16–cr–00267–CCB–1 (D. Md. 2016) ....................................................3

*United States v. Booker*,
    543 U.S. 220 (2005) ................................................................................14

*United States v. Craig*,
    985 F.2d 175 (4th Cir. 1993)....................................................................11

*United States v. Galloway*,
    749 F.3d 238 (4th Cir. 2014)....................................................................11

*United States v. Johnson*,
    410 F.3d 137 (4th Cir. 2005)....................................................................11

*United States v. Mastrapa*,
    509 F.3d 652 (4th Cir. 2007)................................................................. 10

*United States v. Moreland*,
    437 F.3d 424 (4th Cir. 2006)....................................................................15

*United States v. Smith*,
    62 F.3d 641 (4th Cir. 1995)......................................................................11

**Statutes:**

18 U.S.C. § 1962(d) ............................................................................ 1, 3

18 U.S.C. § 3553(a) ...............................................................................14

21 U.S.C. § 841(a)(1) ...............................................................................3

21 U.S.C. § 841(b)(1)(A)(i) ............................................................2, 7, 9, 12

21 U.S.C. § 841(b)(1)(A)(iii) ..........................................................2, 7, 9, 12

21 U.S.C. § 841(b)(1)(A)(viii) .................................................................. 11-12

21 U.S.C. § 846 ................................................................................... 1, 3

28 U.S.C. § 1291 .....................................................................................1

28 U.S.C. § 2255 ....................................................................................11

**Rules:**

Fed. R. App. P. 4(a)(1)(A) ........................................................................1

Fed. R. Crim. P. 11 ............................................................................... 10

**Sentencing Guidelines:**

U.S.S.G. § 2D1.1(b)(17) ...........................................................................8

U.S.S.G. § 5C1.2(a) .....................................................................7, 11, 13

U.S.S.G. § 5C1.2(a)(5) ...........................................................................7, 8

# I.    JURISDICTIONAL STATEMENT

This appeal is from the plea and sentence of Jarmal Harrid ("Mr. Harrid" or "the Appellant") in the United States District Court for the District of Maryland before the Honorable Catherine C. Blake. The District Court's jurisdiction was pursuant to 18 U.S.C. § 1962(d) and 21 U.S.C. § 846. The final judgment was entered on September 26, 2017. *United States v. Harrid*, No. 1:16–CR–00267–CCB–15 (D. Md., Sept. 26, 2017, D.E. 633).[1] Mr. Harrid timely filed his Notice of Appeal on September 27, 2017. D.E. 640. *See* Fed. R. App. P. 4(a)(1)(A). This Court has jurisdiction over appeals from final judgments of the District Court under Title 28 U.S.C. § 1291.

---

[1] Hereinafter all references to Docket Entries ("D.E."), shall, unless otherwise specified, refer to District Court proceedings against Mr. Harrid.

## II.   STATEMENT OF THE ISSUES

After an extensive review of the entire record in this case, Counsel for the Appellant has concluded that there are no meritorious grounds to be raised on his behalf.  This Court must review the entire record in this case to determine whether there are any meritorious issues that Counsel has overlooked.

In the alternative, Counsel submits to this Court that the sentence imposed of 120 months should be reviewed for reasonableness. The sentence, though mandated by the statute, 21 U.S.C. §§ 841(b)(1)(A)(i, iii), should be reviewed to make sure that the statute applies to Mr. Harrid.

## III.   STATEMENT OF THE CASE

This is a direct appeal from a final judgment of conviction and sentence entered in the District Court for the District of Maryland on September 22, 2017.

### A.   *Procedural History*

The Appellant, Jamal Harrid, was indicted on September 22, 2016 and charged with 1) Conspiracy to Engage in Racketeering Activities, in violation of 18 U.S.C. § 1962(d) (Count 1); and 2) Conspiracy to Distribute Narcotics in violation of 21 U.S.C. §§ 841(a)(1), 846.  D.E. 46.[2]

Between November 3, 2016 when Mr. Harrid made his initial appearance, D.E. 237, and May 23, 2017 when Mr. Harrid entered his guilty plea, D.E. 474, the Government produced extensive discovery to the Appellant and his co–defendants. *See* D.E. 251, 260, 267, 293, 325.  Given the large volume of discovery and a large number of defendants, the District Court appointed a "Discovery Coordinator" to assist the defense with processing evidence produced by the Government.  *See* D.E. 186.  The Court selected Teresa Whalen, Esq. (counsel for the lead defendant, Dante D. Bailey) to act as such a coordinator.  *Id.*

---

[2] Mr. Harrid was added as a defendant by a superseding indictment.  The initial charging document, D.E. 1, and the first indictment, D.E. 17, concerned only Dante D. Bailey, a co–defendant whose charges remain pending. *See United States v. Bailey*, No. 16–cr–00267–CCB–1 (D. Md. 2016).  The charges against other co–defendants are in various stages of the adjudicatory process.

In a status report to the Court dated November 22, 2016, Attorney Whalen
alerted the Court that all of the defendants (including Mr. Harrid) will file one or
more motions to suppress evidence, as well as motions "relating to tracking
warrants, electronic surveillance, cell phone searches, and social media searches."
D.E. 260, p. 2. Additionally, Attorney Whalen indicated that "[s]everance motions
will likely be filed relating to joinder of defendants and counts." *Id.* The Court set a
deadline of May 1, 2017 for any such motions. D.E. 299. On May 1, 2017, Mr.
Harrid filed a motion to extend the deadline for filing pre–trial motions. D.E. 427.
The Court granted Mr. Harrid's request the next day. D.E. 443.

Ultimately, no such motions were filed with respect to Mr. Harrid. Instead, Mr.
Harrid negotiated a plea agreement with the Government where he agreed to plead
guilty to both counts of the indictment in exchange for the Government agreeing to a
three level decrease of the offense level in "recognition of [Mr. Harrid]'s acceptance
of personal responsibility for his conduct" and recommending a "reasonable
sentence." D.E. 476, pp. 6–7.

On May 23, 2017, Mr. Harrid formally entered a plea of guilty to the
indictment. D.E. 474; 675 (Sealed Tr. of Re–Arraignment).

On September 25, 2017, the District Court held a sentencing hearing, D.E. 628,
676 (Sealed Tr. of Sentencing Hearing). The following day, the District Court
formally entered judgment and sentenced Mr. Harrid to 120 months imprisonment on

each of the counts of the indictment to be served concurrently. D.E. 213, p. 2. The court further sentenced the Appellant to a 5 year term of supervised release on each of the counts, and ordered that this portion of the sentence to be run concurrently as well. *Id.*, p. 3.

Mr. Harrid filed a Notice of Appeal the on September 27, 2017. D.E. 640.

### B.    *Factual History*

In his plea agreement the Appellant admitted to the following facts:

> On April 16, 2015, in the 1910 block of Oak Drive in Baltimore County, the [Appellant], Co-Defendant 1, and an unindicted co-conspirator possessed with intent to distribute heroin and cocaine base. They also led law enforcement officers on a high-speed car chase, during which one of them threw a Smith & Wesson 9mm caliber firearm (serial number PAC7887) from the vehicle. The vehicle eventually lost a wheel and came to a stop, at which point Co-Defendant 1 and the unindicted co-conspirator were apprehended by law enforcement. The [Appellant] fled on foot, but he was identified by one of the pursuing officers.

> On May 8, 2015, law enforcement officers arrested the [Appellant] on an open warrant stemming from the car chase on April 16, 2015. At the time of his arrest the [Appellant] possessed with intent to distribute approximately 27 grams of cocaine, 24 grams of heroin, and 17 grams of marijuana, and possessed $8,159 in U.S. currency, a scale with suspected drug residue, and drug packaging material.

> In June and July 2015, law enforcement officers conducted a court-authorized wiretap of several phones belonging to Co-Defendant 2, as well as a phone belonging to an unindicted co-conspirator. The [Appellant] was intercepted in numerous calls with Co-Defendant 2 discussing drug transactions and gang business. For instance, on June 20, 2015, at roughly 5:58p.m., investigators intercepted call number D-270 from the [Appellant], using phone

5

number (410) 202-7648, to Co-Defendant 2, using phone number (443) 707-5054. In the call, Co-Defendant 2 informed the [Appellant] that he had just purchased a new supply of heroin from an unindicted co-conspirator, and that a customer of his thought the quality of the heroin was "good . . . like an eight-and-a-half, nine." The [Appellant] told Co-Defendant 2 he was working on getting a supply of heroin from the unindicted co-conspirator.

On July 20, 2015, investigators executed a state search warrant at 532 Coventry Lane, Apt. 4, in Baltimore, Maryland, a known drug stash house for MMP.[3] There, they recovered roughly 608 grams of heroin, a digital scale, a hydraulic press, and drug packaging materials.

On July 23, 2015, investigators intercepted call number G-232 from Co-Defendant 2, using phone number (323) 594-7941, to the [Appellant], using phone number (410) 202-7648. In the call, Co-Defendant 2 advised the [Appellant] that Co-Defendant 1 and a now-deceased MMP member had been involved in "a shootout" at the BP gas station the previous night, during which they both had been shot.

On July 26, 2015, at roughly 5:18p.m., investigators intercepted call number F¬2500 from the [Appellant] to an unindicted co-conspirator, using phone number (443) 261-7849. In the call, the [Appellant] agreed to purchase "a whole dollar piece"—which investigators know to be coded language for 100 grams of heroin. The unindicted co-conspirator told the [Appellant] the heroin was "hard as a rock." The [Appellant] said he was working on getting the money together.

On July 31, 2015, law enforcement officers executed a state search warrant at the [Appellant]'s residence at 7 Hartley Circle in Owings Mills, Maryland. In the bedroom occupied by the [Appellant], they recovered approximately 60 grams of heroin and 26 grams of marijuana, as well as $7,746 in U.S. currency.

---

[3] MMP is an abbreviation for "Murdaland Mafia Piru" — a gang of which Mr. Harrid admitted to being a member.  D.E. 675, p. 15.

In August 2016, investigators applied for and obtained a search warrant for an iCloud account belonging to Co-Defendant 3, wolfrnobb@icloud.com. The results of the search warrant include several photographs of the [Appellant] with other members of MMP, including one in which the [Appellant] is posing with Co-Defendant 2 and making an MMP gang sign.

The [Appellant] agrees that he conspired with members of MMP to distribute heroin and cocaine base in furtherance of the gang, and that it was reasonably foreseeable to him that between one and three kilograms of heroin and between 280 and 840 grams of cocaine base would be trafficked by members of MMP.

D.E. 476, pp. 6–7. Mr. Harrid confirmed this version of events during his plea colloquy in the District Court. D.E. 675, pp. 15–19.

Because of the facts admitted in his guilty plea, Mr. Harrid was subject to a mandatory term of incarceration of at least 10 years. *See* 21 U.S.C. §§ 841(b)(1)(A)(i, iii). However, because this was Mr. Harrid's first conviction, the crime was not a crime of violence nor involved a handgun, no death or bodily injury occurred as a result of Mr. Harrid's conduct, and Mr. Harrid was not a leader in the conspiracy, he was eligible for the waiver of mandatory minimum. U.S.S.G. § 5C1.2(a). Mr. Harrid's eligibility for the waiver of the mandatory minimum hinged on him "truthfully provid[ing] to the Government all information and evidence [that he] ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan…." U.S.S.G. § 5C1.2(a)(5). Because Mr. Harrid declined to do so, D.E. 676, pp. 3–4, 7, 8–9, 12–14, the District Court concluded that the statute mandated a minimum term of

incarceration of at least 10 years, and sentenced the Appellant accordingly.[4]  *Id.*,

pp. 25–26; D.E. 633.

---

[4] Had Mr. Harrid met the requirements of U.S.S.G. § 5C1.2(a)(5), he could also have sought a two level reduction of his offense level.  *See* U.S.S.G. § 2D1.1(b)(17).  This would have resulted in a total offense level of 25 and a guideline sentence of between 57 and 71 months.  *Id.* § 5A.  Even without the two level reduction, Mr. Harrid's offense level has a recommended guideline range of between 70 and 87 months.  *Id.*

## IV.    SUMMARY OF ARGUMENT

This brief is submitted to the Court pursuant to the decision in *Anders v. California*, 386 U.S. 738 (1967), as more fully explained in *McCoy v. Wisconsin*, 486 U.S. 429 (1988), and *Penson v. Ohio*, 488 U.S. 75 (1988).

Counsel for the Appellant has determined, after a conscientious examination of the whole record of the Appellant's case, that there are no meritorious grounds for appeal.  In the alternative, Counsel submits to this Court that the sentence imposed of 120 months, though statutorily mandated by 21 U.S.C. § 841(b)(1)(A)(i, iii), should be reviewed for reasonableness and to ensure that the provisions were properly applied.

# V.    ARGUMENT

## A.    *Standard of Review*

The standard of review of an Anders submission is *de novo* of the entire record and all pertinent documents. *Anders v. California*, 386 U.S. 738 (1967).

## B.    *Issues Identified by Counsel*

After a thorough and extensive search of the record, Counsel for the Appellant has concluded that there are no meritorious grounds to be raised on his behalf in this appeal. The following issues have been considered by the undersigned Counsel, none of which appear to be meritorious. It should also be noted, that upon entering a guilty plea, the Appellant waived all of his rights to appeal. *See* D.E. 476, pp. 2–4, 7–8; D.E. 675, pp. 10–11, 21, 26–27.

### 1.    Requirement that the Defendant Admit All Elements of the Offense

In *United States v. Mastrapa*, 509 F.3d 652 (4th Cir. 2007), this Court held that prior to accepting a guilty plea, the District Court must be satisfied that a factual basis for such a plea exists and is admitted by the defendant. Under *Mastrapa*, failure to admit to a factual basis supporting the charge requires a reversal of a guilty plea and a remand for a new Rule 11 colloquy. *Id.* at 655. Unlike the defendant in *Mastrapa* who protested Government's characterization of his activities, *id.* at 658–59, Mr. Harrid admitted the factual basis for his plea. *See* D.E. 675, pp. 15–19. For this reason, the undersigned counsel has concluded that a *Mastrapa* claim would not be meritorious.

2.     Ineffective Assistance of Counsel & Voluntariness of the Plea

"Even if the court engages in a complete plea colloquy, a waiver of the right to appeal may not be knowing and voluntary if tainted by the advice of constitutionally ineffective trial counsel." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (citing *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993)).  However, claims for ineffective assistance of counsel are generally not cognizable on direct appeal and must await a motion brought under 28 U.S.C. § 2255.  *See United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014) ("It is well established that 'a defendant may raise [a] claim of ineffective assistance of counsel in the first instance on direct appeal *if and only if it conclusively appears* from the record that ... counsel did not provide effective assistance. Otherwise, [he] must raise [his] claim in the district court by a collateral challenge pursuant to 28 U.S.C. § 2255....'") (quoting *United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995) (emphasis in original).

From the record, it does not appear, much less conclusively, that Mr. Harrid's trial counsel was ineffective.  The trial counsel attempted to coax Mr. Harrid into complying with the requirements of U.S.S.G. § 5C1.2(a), and when he failed to do so, successfully advocated that the District Court sentence Mr. Harrid to the minimum term permitted by statute.  *See* D.E. 676, pp. 8–11, 20–24.  In light of the fact that Mr. Harrid was potentially facing life imprisonment, *see* 21

U.S.C. § 841(b)(1)(A)(viii), the trial counsel's advice to plead guilty and secure a more favorable sentence, does not "conclusively appear[]" to be constitutionally deficient.

For these reasons, a claim for ineffective assistance of counsel (and with it, involuntariness of the guilty plea) is, in the view of undersigned Counsel, inappropriate to this stage of the proceedings.

3.    Reasonableness of the Sentence Imposed

As indicated earlier, as part of his plea agreement, Mr. Harrid waived his right to appeal the sentence imposed, and therefore it does not appear to the undersigned Counsel that such an appeal would be non–frivolous. D.E. 476, pp. 2–4, 7–8; D.E. 675, pp. 10–11, 21, 26–27. Nonetheless, the District Court must still comply with the Supreme Court's directives on the proper sentencing procedures.

The sentence of 120 months is the minimum sentence mandated by the statute and not within the court's power to vary downward. *See* 21 U.S.C. § 841(b)(1)(A)(i, iii) (any person convicted of violating either subsection "shall be sentenced to a term of imprisonment which *may not be less than 10 years* and not more than life … Notwithstanding any other provision of law, the court shall not place on probation *or suspend the sentence* of any person sentenced under this subparagraph.") (emphasis added). On the other hand, the Sentencing Guidelines

advised a much more lenient sentence.  *See* D.E. 675, p. 5 (Court noting that the "the Advisory Guideline [*sic*] range would be from 70 to 87 months," with both the Appellant and the Government agreeing with this conclusion); *see also id.* p. 7–8; 20–21.  However, as discussed above, in order to qualify for the Advisory Guidelines sentence, Mr. Harrid would have had to fulfill the requirements of U.S.S.G. § 5C1.2(a) which means he would have had to, *inter alia*, disclose to the Government "all information and evidence [that he] ha[d] concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan…." *Id.* § 5C1.2(5).  Because he failed to do so, the Court was powerless to vary the statutorily prescribed sentence.

Although the trial counsel emphasized that Mr. Harrid had a rather tragic life, including having a mother who "was a drug addict when she was pregnant with Mr. Harrid," a father "who [was] a drug addict, a drug dealer, [and spent his life] in and out of jail," and being a product of an education system that promoted him through the ninth grade while leaving him with only third grade reading abilities, D.E. 675, pp. 15, 21–22, he recognized that the statutorily mandated minimum sentence applied to Mr. Harrid.  *See id*., pp. 23–24.  In light of this recognition, the Appellant, in his submissions to the District Court, argued for the sentence the Court ultimately imposed.  *See* D.E. 675, p. 20–21 ("[W]e believe that a sentence of 120 months is … sufficient but not greater than necessary to

accomplish the goals of Section 3553(a)."); *id.*, p. 24 ("I would hope the Court would find that 120 months clearly would be a sentence sufficient but not greater than necessary to accomplish the goals of sentencing").

Though the statute appears to mandate a certain sentence, the District Court must still comply with the Supreme Court's directives on the proper sentencing procedures. First, the District Court must first calculate the correct advisory guidelines range, and then consider the advisory guidelines range in conjunction with the factors outlines in 18 U.S.C. § 3553(a) and other appropriate grounds for a departure of variance. *Gall v. United States*, 552 U.S. 38 (2007). Second, the district court must adequately explain its sentence to allow the appellate courts to engage in a meaningful review. *Id.* at 49−50. This Court then reviews the sentence imposed for reasonableness. *See United States v. Booker*, 543 U.S. 220 (2005).

The District Court correctly calculated the guidelines offense level of 27. D.E. 675, pp. 3−4. The Appellant agreed that this is the correct offense level. *See id.*, p. 23. The District Court's explanation of the sentence imposed was also adequate. *Id.*, pp. 25–27. The District Court specifically explained why it is imposing the statutorily mandated sentence rather than the lower sentence the Advisory Guidelines call for. *See id.*, pp. 12–13, 25. The District Court's statement of reasons satisfied the procedural requirement that a sentencing court

not expressly reject a policy articulated by Congress or the Sentencing Commission or consider an improper basis when imposing a sentence. *See United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006). Accordingly, it does not appear that the District Court committed any error in imposing a 120−month term of imprisonment, especially as this was the minimum term permitted by the statute.

## VI.    CONCLUSION

For the foregoing reasons, the Appellant, Jarmal Harrid, respectfully requests that this Court examine the record in its entirety and grant relief to him as appears warranted.

Respectfully submitted this the 17th day of January, 2017.

/s/ Gregory Dolin
Gregory Dolin
   *Associate Professor of Law*
   *Counsel of Record*

University of Baltimore School of Law
1420 N. Charles Street
Baltimore, MD  21201
(410) 837-4610
gdolin@ubalt.eu

*Counsel for Appellant*
   *Jarmal Harrid*

16

## VII.  POSITION REGARDING ORAL ARGUMENT

Counsel for the Appellant does not request that the Court consider granting an oral argument in this matter.

/s/ Gregory Dolin
Gregory Dolin
*Associate Professor of Law*
*Counsel of Record*

*Counsel for Appellant*
*Jarmal Harrid*

# CERTIFICATE OF COMPLIANCE

1.    This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

this document contains <u>3,185</u> words.

2.    This document complies with the typeface requirements because:

This document has been prepared in a proportional spaced typeface using <u>Microsoft Word</u> in <u>14 point Times New Roman</u>.


Dated:  January 17, 2018        <u>/s/ Gregory Dolin</u>
                                Gregory Dolin

                                *Counsel for Appellant*

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on January 18, 2018, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF System, which will send notice of such

filing to all the registered CM/ECF users.

The necessary filing and service were performed in accordance with the

instructions given to me by counsel in this case.

/s/ Karen R. Taylor
Karen R. Taylor
*Gibson*Moore Appellate Services, LLC
206 East Cary Street
P.O. Box 1460 (23218)
Richmond, VA 23219
(804) 249-7770 – Telephone
(804) 249-7771 – Facsimile
karen@gibsonmoore.net